```
               UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**ANTWYN GIBBS,**

      Petitioner,

v.                      Civil Action No. 2:21-cv-00577

**DONNIE AMES, Superintendent,**
**Mount Olive Correctional Complex,**

      Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court are the proposed findings and recommendations ("PF&R") of Magistrate Judge Dwane L. Tinsley, (ECF 40), and the petitioner's objections to the PF&R.  ECF 41-42.

On October 27, 2021, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF 1. This action was referred to the magistrate judge, who submitted a PF&R pursuant to 28 U.S.C. § 636(b)(1)(B) on January 31, 2023. The magistrate judge recommended granting the respondent's motion to dismiss and motion for summary judgment (ECF 27).  ECF 40 at 44.  Along with recommending denial of relief under § 2254, the magistrate judge also recommended denying petitioner's

"Motion for injunction relief of Injuntive [sic] [and] preliminary injunction" (ECF 37). ECF 40 at 44.

The Federal Magistrates Act authorizes magistrate judges "to submit to a judge of the court proposed findings of fact and recommendations for disposition," of motions to dismiss for failure to state a claim upon which relief can be granted and for summary judgment. 28 U.S.C. § 636(b)(1)(A)-(B).

Upon an objection to the PF&R, the court reviews <u>de novo</u> "those portions or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005). General objections which fail to address portions or specified proposed findings or recommendations "do not meet the requirements set forth in 28 U.S.C. § 636(b)(1)(C) or Rule 72(b), and, therefore, constitute a waiver of <u>de novo</u> review." <u>Elswick v. Plumley</u>, No. 2:14-CV-29300, 2022 WL 2919291, at *1 (S.D.W. Va. July 25, 2022) (citing <u>Howard's Yellow Cabs, Inc. v. United States</u>, 987 F.Supp. 469, 474 (W.D.N.C. 1997)); <u>see also</u> <u>United States v. Midgette</u>, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as to reasonably alert the district court of the

true ground for the objection."); Opriano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (noting de novo review is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."). "Absent a specific and timely filed objection, the court reviews only for 'clear error,' and need not give any explanation for adopting the [PF&R]." United States v. Hernandez-Aguilar, 359 F.Supp.3d 331, 334 (E.D.N.C. 2019).

In this instance, petitioner's "objections" are difficult to discern and lack specificity although it appears petitioner continues to maintain that he was subject to an "illegal extradition."[1] See ECF 41-42. Petitioner raised this argument in grounds one, two, and four of his petition for habeas corpus. See ECF 1 at 6-11. The court has reviewed the record and the magistrate judge's thorough discussion of petitioner's claim of illegal extradition. See ECF 40 at 24-28. Before concluding petitioner was not entitled to relief under applicable law fully analyzed by the magistrate judge, he noted the following:

---

[1] Plaintiff has a separate proceeding before this court, purportedly being pursued under 42 U.S.C. § 1983, in Case No. 2:21-cv-00606, in which he filed these same objections.

>Thus, a violation of state extradition law does not constitute a defense in a criminal case and, therefore, the jurisdiction of the trial court in the demanding state is not vitiated by an erroneous extradition. Accordingly, even if there were defects in his extradition process, as claimed by Petitioner, such defects did not deprive the State of West Virginia of jurisdiction over his Fayette County criminal proceedings and did not affect the validity of his conviction in any way.

ECF 40 at 27.

The court agrees with the findings and recommendation of the magistrate judge and denies the objection concerning his illegal extradition argument, as to which the court adopts the magistrate judge's recommendation.

Next, in grounds one and two of his petition, petitioner alleges "illegal evidence" was used to convict him. See ECF 1 at 6-8. After thoroughly analyzing the arguments surrounding the use of illegal evidence, the magistrate judge concluded, based on the holding in <u>Stone v. Powell</u>, 428 U.S. 465 (1976), that petitioner's Fourth Amendment claims found in grounds one and two "are not cognizable in this federal habeas corpus proceeding and must be dismissed." ECF 40 at 28-35. The magistrate judge also found, to the extent ground two challenged the admission of cell phone data through lay witness testimony, such ground was unexhausted and procedurally barred. <u>Id.</u> at 35-36. Having found no clear error in the magistrate judge's analysis of petitioner's "illegal evidence" claims in grounds

4

one and two, the court adopts the magistrate judge's findings and recommendation.

Ground three of petitioner's § 2254 motion claims "Issues Raised As Co-defendant Kevin Goodman jr [sic] [and] Radee Hill Ineffective of Counsel [sic]." ECF 1 at 9. To help better set forth the issue, the magistrate judge re-framed it as follows: "[W]as [petitioner] denied a fair trial because he was tried together with two other co-defendants." See ECF 19 at 2. Petitioner's objections fail to present any ground for disturbing the magistrate judge's findings concerning ground three.

The court otherwise finds the magistrate judge's PF&R is persuasive and not subject to specific objections. The court adopts the magistrate judge's findings and recommendations denying petitioner's request for injunctive relief,[2] request for an evidentiary hearing, and request for the appointment of habeas counsel.

---

[2] The court notes on March 22, 2023, petitioner filed an additional document in support of his request for injunctive relief, filed on January 24, 2023. See ECF 44. The additional filing is difficult to interpret and is not a specific objection to the magistrate judge's findings and recommendation.

Accordingly, the court orders as follows:

1. That the magistrate judge's PF&R be, and it hereby is adopted in its entirety.

2. Respondent's motion to dismiss and for summary judgment (ECF 27) is GRANTED.

3. Petitioner's "Motion for injunction relief of Injuntive [sic] [and] preliminary injunction" (ECF 37) is DENIED.

4. Petitioner's motion for habeas corpus relief (ECF 1) pursuant to 28 U.S.C. § 2254 is DENIED.

5. This civil action be, and hereby is, STRICKEN from the court's docket.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: March 24, 2023

John T. Copenhaver, Jr.
Senior United States District Judge