```
           UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**ANTWYN GIBBS,**

       Petitioner,

v.                              Civil Action No. 2:21-cv-00577

**DONNIE AMES, Superintendent,**
Mount Olive Correctional Complex,

       Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court are three post-final judgment motions filed by petitioner, Antwyn Gibbs ("Mr. Gibbs"). See ECF 47, 48, and 49.

On October 27, 2021, Mr. Gibbs initiated this action by filing a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1. This action was referred to Magistrate Judge Dwane L. Tinsley, who on January 31, 2023, submitted proposed findings and recommendations ("PF&R"). ECF 40. The magistrate judge recommended granting the respondent's motion to dismiss and motion for summary judgment (ECF 27). ECF 40 at 44. On March 24, 2023, this court granted respondent's motion to dismiss and motion for summary judgment and denied petitioner's § 2254 motion. ECF 45. On that same date, the

court entered a judgment order dismissing this action and ordering the Clerk to strike it from the docket. ECF 46.

Mr. Gibbs filed two post-final judgment motions on April 3, 2023. See ECF 47, 48. Mr. Gibbs' first motion filed on April 3, 2023, is doubly titled, "Objection to Document #45 Opinion and Order," which includes the assertion of the cumulative error doctrine that is also the subject of a fourth motion by Mr. Gibbs, dealt with in a separate order, and "In Findings and Recommendations in Document #40." ECF 47. The second motion filed by Mr. Gibbs on this same date is titled, "Objection to Memorandum Opinion and Order of 03-24-2023 Doc # 45." ECF 48.

Neither of the motions filed by Mr. Gibbs on April 3, 2023, indicate the authority under which he is filing his "objections." The Federal Rules of Civil Procedure provide litigants with several avenues to challenge final judgments. See Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b). Under Rule 59(e), motions "to alter or amend judgment must be filed no later than 28 days after the entry of the judgment," while motions seeking relief from judgment pursuant to Rule 60(b) must be made "within a reasonable time" and in certain circumstances must be made "no more than one year after entry of judgment." In instances where the parties' motion does not indicate under

which rule the motion is brought, the motion is often treated as a Rule 59(e) motion if filed within 28 days of entry of judgment. See Dove v. CODESCO, 569 F.2d 807 (4th Cir. 1978) (noting when a post-judgment motion is timely filed pursuant to Rule 59(e), and calls into question the correctness of the judgment, such motion should be construed as being brought under Rule 59(e)); American Ironworks & Erectors, Inc. v. North American Const. Corp., 248 F.3d 892 (9th Cir. 2001); see also Fabian v. Reed, 707 F.2d 147 (5th Cir. 1983).

In this instance, because Mr. Gibbs' motions filed on April 3, 2023, were filed within 28 days of entry of final judgment on March 24, 2023, the court construes the petitioner's motions as being brought under Rule 59(e). Relief under Rule 59(e) is warranted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

Mr. Gibbs' first motion filed on April 3, 2023, (ECF 47), is difficult to apprehend and to the extent it is intelligible, simply restates arguments adequately dealt with in the magistrate judge's PF&R and the court's order adopting it. The second motion filed by Mr. Gibbs on April 3, 2023, (ECF 48),

is equally as inapprehensible as ECF 47, and likewise fails for the same reason. The court denies both of Mr. Gibbs' motions filed on April 3, 2023 (ECF 47, ECF 48).

Mr. Gibbs' third motion was filed on April 5, 2023 (ECF 49). This motion is titled, "Objection to Memorandum opinion/In Document 40 of 01-31-23 pg 32 of 45." Id. Like the motions filed on April 3, 2023, the motion filed on April 5, 2023, was filed within 28 days of entry of final judgment on March 24, 2023. The court therefore construes the motion filed on April 5, 2023, as being brought pursuant to Rule 59(e). The court finds this motion, too, objects to the PF&R and again raises the cumulative error doctrine and refers to other matters fully developed in the PF&R and the court's order adopting it. In light of the foregoing, the court denies this third motion as well. ECF 49.

It is so ORDERED.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: June 6, 2023

_____
John T. Copenhaver, Jr.
Senior United States District Judge