```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**ANTWYN GIBBS,**

       Petitioner,

v.                      Civil Action No. 2:21-cv-00577

**DONNIE AMES, Superintendent,**
Mount Olive Correctional Complex,

       Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court is petitioner, Antwyn Gibbs' motion titled "Under Rule 15(c) like to Ask this Honorable Court for Leave to Amend in add Claim of Cumulative Error" filed May 8, 2023.  ECF 52.

On October 27, 2021, Mr. Gibbs initiated this action by filing a _pro se_ petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF 1.  This action was referred to Magistrate Judge Dwane L. Tinsley, who on January 31, 2023, submitted proposed findings and recommendations.  ECF 40.  The magistrate judge recommended granting the respondent's motion to dismiss and motion for summary judgment (ECF 27).  ECF 40 at 44. On March 24, 2023, this court granted respondent's motion to dismiss and motion for summary judgment and denied petitioner's

§ 2254 motion.  ECF 45.  On that same date, the court entered a judgment order dismissing this action and ordering the Clerk to strike it from the docket.  ECF 46.

The court interprets petitioner's motion currently before the court as seeking leave to amend his § 2254 petition pursuant to Fed. R. Civ. P. 15(a).  While a district court may not deny a motion for leave to amend simply because final judgment has been entered, such a motion may only be granted if "the judgment is vacated pursuant to Rule 59(e) or [Rule] 60(b)."  Laber v. Harvey, 438 F.3d 404, 427-28 (4th Cir. 2006)(en banc).  "To determine whether vacatur is warranted, however, the court need not concern itself with" the standards of Rule 59(e) or Rule 60(b).  Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011).  Instead, "a court should evaluate a postjudgment motion to amend the complaint 'under the same legal standard as a similar motion filed before judgment was entered — for prejudice, bad faith, or futility.'"  Id. (quoting Laber, 438 F.3d at 427).

Mr. Gibbs' motion is difficult to discern.  It appears, as the title of his motion suggests, that he is seeking to amend his § 2254 petition to include a claim based on the "cumulative error doctrine."  ECF 52 at 3.  The court denies Mr.

Gibbs' motion inasmuch as the court finds Mr. Gibbs' proposed amendment to be futile.

The majority of Mr. Gibbs' motion is simply a list of cases from various courts without providing any analysis concerning how these cases apply to the facts of the case at hand. The thrust of his motion appears to be that cumulative error occurred due to various evidentiary rulings made during his state court trial. ECF 52 at 3. In his § 2254 petition Mr. Gibbs sought relief based on the use of "illegal evidence" to convict him. ECF 1 at 6-8. The court has already found Mr. Gibbs' argument concerning various evidentiary rulings made during his trial to be without merit. ECF 45 at 4-5. Amending his petition to re-assert this claim would be futile.

Finally, the court construes a section of Mr. Gibbs' motion as a request for a certificate of appealability. See ECF 52 at 2; 28 U.S.C. § 2253(c). A certificate is not granted absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists could debate whether or find that the petition should have been resolved differently or that the issues merit further consideration. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th

Cir. 2001). The court concludes that the governing standard is not satisfied in this instance.

In light of the foregoing, the court denies Mr. Gibbs' motion for leave to amend and finds Mr. Gibbs is not entitled to a certificate of appealability. ECF 52.

It is so ORDERED.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: June 6, 2023

John T. Copenhaver, Jr.
Senior United States District Judge