```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**ANTWYN GIBBS,**

    Petitioner,

v.                              Civil Action No. 2:21-cv-00577

**DONNIE AMES, Superintendent,**
Mount Olive Correctional Complex,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court are the following motions: "Motion for Appointment of Counsel per policy 328.00 Access to Court and Counsel," (ECF 55), "Motion for Extension for More time to Answer Memorandum Opinion and Order 06-06-2023 Document 54," (ECF 56), and "Objection to Document #53 of the Cumulative Error Doctrine. In Document #54 of Certificate of appelability [sic] of the evidentiary rulings made During his trial," (ECF 57), filed by petitioner, Antwyn Gibbs.

On October 27, 2021, Mr. Gibbs initiated this action by filing a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1. The petition was referred to Magistrate Judge Dwane L. Tinsley, who on January 31, 2023, submitted proposed findings and recommendations ("PF&R"). ECF

40.  The magistrate judge recommended granting the respondent's motion to dismiss and motion for summary judgment (ECF 27).  ECF 40 at 44.  On March 24, 2023, the court granted respondent's motion to dismiss and motion for summary judgment and denied petitioner's § 2254 motion.  ECF 45.  On that same date, the court entered a judgment order dismissing this action and ordering the Clerk to strike it from the docket.  ECF 46.

Following entry of the court's order on March 24, 2023, Mr. Gibbs filed three post-final judgment motions which the court construed as motions to alter or amend judgment brought pursuant to Federal Rule of Civil Procedure 59(e), and a motion for leave to amend his § 2254 petition.  See ECF 47, 48, 49, and 52.  On June 6, 2023, the court denied Mr. Gibbs' motions brought under Rule 59(e), and his motion for leave to amend.  See ECF 53 and 54.

The petitioner has since filed the three additional post-final judgment motions.  The court first considers Mr. Gibbs' "Motion for Extension for More time to Answer Memorandum Opinion and Order 06-06-2023 Document 54" filed on June 20, 2023.  ECF 56.  Inasmuch as Mr. Gibbs has filed on June 26, 2023, a response in opposition to "Document 54" the court ORDERS that petitioner's motion for an extension of time be, and hereby is, DENIED as MOOT.

Next, the court construes petitioner's "Objection" set out in ECF 57, filed on June 26, 2023, as a motion to reconsider.[1]  In his "objection" petitioner argues that illegally seized evidence was used during his underlying state court trial, and that there was an insufficient amount of evidence to support his conviction.  ECF 57.  Plaintiff's arguments are without merit.  First, the magistrate judge thoroughly considered petitioner's "illegal evidence" claim in his PF&R, (ECF 40 at 28-37), which were then adopted by the court.  ECF 45.  As to petitioner's sufficiency of evidence argument, the court finds that this ground was not raised by petitioner in his petition for habeas corpus.  ECF 1.  Accordingly, petitioner may not now raise a new ground at this stage of the proceeding.[2]  The court ORDERS that petitioner's "Objection" be, and hereby is, DENIED.

Finally, the court considers petitioner's motion for the appointment of counsel.  ECF 55.  Mr. Gibbs has already filed two motions seeking the appointment of counsel which were

---

[1] The court notes it has already ruled on petitioner's motions to alter or amend judgment.  See ECF 53.

[2] Even if this claim was properly before the court, a review of the record shows it to be without merit.  At petitioner's state court trial, the state presented the testimony of eleven witnesses, including the testimony of two men who participated in the robbery with petitioner, and who testified regarding petitioner's involvement in the crime.  See ECF 27-12.

referred to the magistrate judge, who denied both motions without prejudice. See ECF 39. Mr. Gibbs' instant request for the appointment of counsel is without merit. Prisoners seeking habeas relief under § 2254 are afforded no constitutional right to counsel. Under the rules governing § 2254 cases in Federal District Courts, petitioners are entitled to counsel only if an evidentiary hearing is warranted. Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts. The court has previously determined that an evidentiary hearing is unwarranted. Moreover, because Mr. Gibbs' claims are without merit the interests of justice do not require the appointment of counsel. See 18 U.S.C. § 3006A. In light of the foregoing, the court DENIES Mr. Gibbs' third motion as well.

It is accordingly ordered that all three motions, ECF 55, 56, and 57, be, and each hereby is, DENIED.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: July 11, 2023

John T. Copenhaver, Jr.
Senior United States District Judge